813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nathaniel JOHNSON, Appellant,
v.
Dr. Joseph BEVILACQUA; James Dimitris, M.D.; Miller M.
Ryans, M.D.; and Leo E. Kirven, Jr., M.D., Appellees.
 No. 85-1940.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Dec. 11, 1986.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert B. Hill (Hill & Rainey, on brief), for appellant.
 Frank W. Pedrotty, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Nathaniel Johnson appeals from the district court's grant of summary judgment to the Virginia Commissioner of Mental Health and associated physicians at Central State Hospital, Petersburg, Virginia. Johnson sought damages under 42 U.S.C. Sec. 1983 for the failure of officials at Central State Hospital to initiate review of his confinement at the hospital between August 1973 and June 1985. Because the district court correctly found that under Harlow v. Fitzgerald, 457 U.S. 800 (1982), the defendants established their entitlement to qualified good faith immunity, we affirm.
 
 
 2
 Nathaniel Johnson was convicted on August 13, 1973, of malicious wounding in the Circuit Court of Petersburg. The court deferred the imposition of sentence for a period of 15 years and remanded Johnson for continuing commitment to Central State Hospital, where he had previously been confined for a year before standing trial.[1]
 
 
 3
 Johnson contends that he was entitled to the same review procedures as individuals committed pursuant to involuntary civil commitment procedures and that consequently the commissioner and doctors are liable for failing to protect his constitutional rights.
 
 
 4
 The district court found that the defendants did not contravene clearly established law but in fact acted properly and with reasonable reliance on a judicial order. Immediately following Johnson's commitment on August 13, 1973, the defendants sought and received clarification from the court as to the Virginia statute under which the court had committed Johnson. Thereafter, on their own initiative and with court agreement, they regularly and faithfully reported Johnson's mental status to the court. Because the defendants acted in good faith by reasonably relying on the order of the Circuit Court of Petersburg, the district court properly found that they are entitled to qualified immunity.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 In June 1985 the Circuit Court of Petersburg released Johnson from Central State Hospital on condition that he remain at the Brookhaven Rest Home, Richmond, Virginia. Johnson has not appealed this order of conditional release